IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JULIAN M.,<br><br>Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:21-cv-00247-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings (ECF 12). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record (ECF 15), the parties' briefs (ECF 18, 23, 24), and arguments presented at a hearing held on July 12, 2022 (ECF 30), the undersigned concludes that the Commissioner's decision is supported by substantial evidence and legally sound. For the reasons stated on the record at the hearing and as discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 18) and AFFIRMS the decision of the Commissioner.

## I.    BACKGROUND

Plaintiff applied for benefits in August 2018, alleging disability beginning June 2018, due to post-traumatic stress disorder (PTSD), epilepsy, brain tumor, headaches, anxiety, depression,

and attention deficit-hyperactivity disorder (ADHD) (Certified Administrative Transcript (Tr.) 57, 168-73). After a hearing (Tr. 33–55), an administrative law judge (ALJ) issued a June 2020 decision following the five-step sequential evaluation for assessing disability (Tr. 7–31). 20 C.F.R. § 404.1520(a)(4).[1]

The ALJ determined at step two Plaintiff had severe impairments of major depressive disorder, generalized anxiety disorder, social personality disorder, PTSD, somatoform disorder, bipolar II disorder, panic disorder, ADHD, conversion disorder, social anxiety disorder, pseudo-seizures, and bulimia (Tr. 13). *See* 20 C.F.R. § 404.1521. The ALJ found that Plaintiff's history of deviation of the nasal septum and bilateral nasal valve stenosis were non-severe; her headaches were not medically determinable impairments; and the medical evidence does not support epilepsy or brain tumor (Tr. 13). At step three, the ALJ considered Plaintiff's pseudo-seizures under Listing 11.02 for epilepsy, finding the criteria not met (Tr. 14). The ALJ considered Plaintiff's mental impairments under Listings 12.04, 12.06, 12.07, 12.11, and 12.15, finding moderate limitation in understanding, remembering, or applying information; concentrating, persisting or maintaining pace; and adapting or managing oneself; and a marked limitation in interacting with others (Tr. 14-15).

The ALJ found that Plaintiff had the residual functional capacity (RFC) to perform "a full range of work at all exertional levels" but with the following non-exertional limitations: she can never climb ladders, ropes, or scaffolds and can never work around hazards such as exposed heights or exposed moving mechanical parts; she can perform simple, routine tasks that can be

---

[1] Citations to the Code of Federal Regulations are to the 2020 edition of 20 C.F.R. Part 404.

learned in 30 days or less with a specific vocational preparation (SVP) of 1 or 2; she can tolerate occasional changes to the work place setting, rules, or procedures; she can make simple work-related judgments; she can perform goal-oriented tasks as opposed to production-pace work; and she can have only occasional interaction with supervisors and coworkers but never interact with the public (Tr. 15). The ALJ found at step four that, given this RFC, she was unable to perform any past relevant work (Tr. 24). At step 5, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, including laundry worker, garment sorter, and laundry folder (Tr. 25). The ALJ therefore concluded that she was not disabled and denied disability benefits (Tr. 26).  The Appeals Council then denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II.    STANDARD OF REVIEW

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The substantial-evidence standard is even less demanding than the "clearly erroneous" standard that governs appellate review of district court fact-finding—itself a deferential standard. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citing *Dickinson v. Zurko,* 527 U.S. 150, 152–53 (1999)).  As the Supreme Court reiterated, the substantial evidence threshold "is not high" and defers to the presiding ALJ, "who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1154, 1157. Substantial evidence is, simply, "more than a mere scintilla" of evidence and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

3

Under this highly deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

## III.    DISCUSSION

### A.    The Decision Reflects Proper Consideration of the Opinion of Dr. Dawis

On appeal, Plaintiff argues that the ALJ erred in his RFC assessment by failing to properly evaluate an opinion authored by treating psychiatrist Dr. Daniel Dawis. Plaintiff claims that the ALJ failed to properly assess the consistency and supportability of the opinion (ECF 18, Plaintiff's Opening Brief (Pl. Br.)). Plaintiff is unable to show that the ALJ erred in his evaluation, and she is unable to demonstrate why the ALJ's finding that three other medical opinions and prior administrative findings were more persuasive than Dr. Dawis's opinion was not supported by substantial evidence.

Because Plaintiff applied for benefits on or after March 27, 2017 (Tr. 171), the ALJ applied a new set of regulations for evaluating medical evidence that differs substantially from prior regulations. Under the new rules, the ALJ will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from medical sources. 20 C.F.R. § 404.1520c(a). Rather, the ALJ will explain how he considered the factors of supportability and consistency, which are the two most important factors in determining the persuasiveness of a medical source's medical opinion or a prior administrative medical finding. *Id*. § 404.1520c(b)(2). The ALJ must explain in his decision how persuasive he finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. *Id.* The ALJ in this case complied with the regulatory framework when analyzing Dr. Dawis's opinion and that analysis is supported by substantial evidence.

4

In January 2020, Dr. Dawis opined that Plaintiff had marked limitations in her ability to understand, remember, or apply information; ability to concentrate, persist, or maintain pace; and ability to adapt or manage oneself (Tr. 721). Plaintiff also had marked limitation in maintaining concentration, persistence or the pace required to perform simple, routine repetitive tasks (Tr. 722). Plaintiff had extreme limitations in ability to interact with others, activities of daily living, and maintaining social functioning (Tr. 722). Dr. Dawis opined that Plaintiff would also be likely to be absent from work more than 4 days per month (Tr. 723).

The ALJ found this opinion unpersuasive because it was not supported by nor consistent with the medical evidence and record as a whole; Dr. Dawis had not been treating Plaintiff for a long period of time; Dr. Dawis appeared to rely heavily on Plaintiff's self-reports without indicating much in the way of clinical, objective exam findings or testing as rationale or support; the opinion was not consistent with Plaintiff's mental status exam findings, her treatment history, and reported activities; and the opinion was on an issue reserved to the Commissioner (Tr. 23). The ALJ specifically noted that the opinion of marked and extreme limitations was not consistent with treatment notes and mental status exam findings reflecting claimant having grossly intact attention, and intact recent and remote memory (Tr. 19–21, 23; *see e.g.*, Tr. 886, 914). As evidenced by his decision, the ALJ appropriately *considered* five factors in evaluating the persuasiveness of an opinion: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c). The ALJ, however, was required to *discuss* only two factors—supportability and consistency—unless two conflicting opinions were equally persuasive. 20 C.F.R. § 404.1520c(b)(2). The ALJ thus did more than was required by

discussing many of the five optional factors in addition to his supportability and consistency analyses.

The ALJ discussed objective evidence demonstrating that Plaintiff had no difficulties with memory/recall, understanding or following along during a consultative examination, and could remember simple and multi-step instructions (Tr. 14, 19–20; *see* Tr. 624–26). She had adequate attention and concentration (Tr. 14, 19; *see* Tr. 624). Multiple mental status examinations were generally within the normal range (Tr. 19–20; *see* Tr. 624, 690–91, 798, 886 (normal but fidgety with pressured speech), 930 (same)). The ALJ acknowledged that subsequent mental status examinations revealed anxious, depressed, and tearful mood at times, but again otherwise reflected findings generally within the normal limits (Tr. 20; *see* Tr. 795 (bulimia resolved), 798, 896–97, 912–14). *See* 20 C.F.R. 404.1520c(c)(1). "In short, the record contains support for both the notion that [Plaintiff] has extreme deficiencies in concentration, persistence, and pace, and the notion that [her] mental limitations are not that severe. The ALJ was entitled to resolve such evidentiary conflicts and did so." *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

The ALJ further discussed Plaintiff's daily activities (Tr. 14, 17–18, 20–21). Plaintiff could complete her detailed function report on her own, manage her personal care/hygiene, fix her own meals, complete household chores, care for pets, use public transit, grocery shop, manage finances, use computers/email, read, crochet, paint, care for and train her service dog, follow the course of her medical appointments, and take medications independently with her own reminders (Tr. 210–17, 219–26, 623, 626). While Plaintiff alleged difficulty leaving the house and being in public, the record indicated she did go out regularly (reportedly usually accompanied by her father but occasionally on her own) and could drive short distances, use public transit, shop in stores, go to

the gym and the dog park, and attend medical and therapy appointments (Tr. 20–21). In addition, although Plaintiff alleged problems with memory/recall and difficulty maintaining concentration/focus, she could manage her finances/bank accounts/pay bills, care for and train her service dog, use computers/internet for online shopping, and engage in hobbies including reading, journaling, crocheting, painting, listening to educational podcasts, and watching television (Tr. 20–21). Because this evidence did not support Dr. Dawis's extreme opinion, it was reasonable for the ALJ to find that the opinion was unpersuasive (Tr. 23). *See* 20 C.F.R. 404.1520c(c)(1); *see also Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010) (ALJ reasonably found a claimant's description of her daily activities did not indicate significant limitations).[2]

The ALJ also discussed the consistency of Dr. Dawis's opinion, other medical source opinions, and prior administrative medical findings (Tr. 22–24). 20 C.F.R. § 404.1520c(c)(1). He first discussed the multiple inconsistencies between Plaintiff's symptom reports and psychologist Dr. Tanya Colledge's consultative examination findings (Tr. 19, 22–23). Plaintiff alleged problems with paranoid thoughts, yet Dr. Colledge indicated she denied experiencing any hallucinations or other perceptual problems, or any delusional beliefs (Tr. 624–25). Plaintiff alleged severe problems with memory and retention, yet Dr. Colledge reported that claimant obtained scores in the Average to High Average range on the Wechsler Memory Scale-Third Edition (WMS-III), an overall assessment of memory functioning (Tr. 625). Dr. Colledge concluded that claimant did

---

[2] While judicial precedent addressing the evaluation of medical evidence is abrogated to the extent that precedent is inconsistent with the revisions, the cases relied upon by the Commissioner herein reflect principals consistent with the analytical framework set forth in the new regulations. *See Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld unless 'they exceed[] the [Commissioner's] authority [or] are arbitrary and capricious.'" (quoting *Heckler v. Campbell*, 461 U.S. 458, 466–68, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983))).

"not appear to exhibit any significant memory deficits when compared to an estimate of her cognitive functioning" (Tr. 626). She could "take care of her basic needs and her knowledge of clothing, hygiene, and grooming is good," thus she was "capable of leading a relatively independent life, with minimal supervision" and could perform simple or multi-step instructions[3] (Tr. 626).

The ALJ also found Dr. Dawis's opinion less persuasive because it was not consistent with the opinions of the state agency psychologists who reviewed the record and concluded that Plaintiff could perform simple work with limited social interaction (Tr. 22; *see* Tr. 68–73, 91–94). 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."); *id*. at § 404.1513a(b)(1) ("Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."). The state agency psychologists' findings were based on the longitudinal record including objective medical evidence from Dr. Colledge's examination, mental status screenings, treatment records, and her daily activities (Tr. 22). The findings were well supported by the psychologists' reasonable explanation (Tr. 22). *See* 20 C.F.R. § 404.1520c(b)(2) ("The factors of supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be.").

---

[3] The ALJ found that this opinion was persuasive because the test results were consistent with other medical evidence, however, Dr. Colledge's opinion that Plaintiff would not have impaired capacity at tolerating work stress was not persuasive as it was inconsistent with records and testimony demonstrating Plaintiff's difficulties leaving the home (Tr. 23). 20 C.F.R. § 404.1520c(c)(1).

**B.      Plaintiff's Arguments regarding the ALJ's evaluation of Dr. Dawis are Unavailing.**

Plaintiff claims that the ALJ erred when he found Dr. Dawis's opinion unpersuasive (Pl.

Br. at 9–15). She alleges that the ALJ "picked and chose" the medical evidence (Pl. Br. at 12). In

support of this argument, Plaintiff cites to only two of Dr. Dawis's treatment notes from March

and May 2020 in support of her argument (Pl. Br. at 11–13, citing Tr. 912–14, 928–30). While

those treatment notes documented that Plaintiff had an agitated appearance, and a depressed and

anxious mood, Plaintiff also exhibited intact memory, logical and goal directed thought process,

intact associations, non-psychotic thought content, grossly intact attention, fair insight/judgment,

and normal fund of knowledge and language (Tr. 930). Plaintiff reported "difficulty overall," but

she had recently had a stressful experience when her dog was attacked at a dog park and the owner

yelled at her (Tr. 913–14). Moreover, the ALJ acknowledged these treatment notes as well as

Plaintiff's symptom reports and Dr. Dawis's observations (Tr. 19–21, 23), which he took into

account when he limited Plaintiff to only simple work with no interaction with the public (Tr. 15).

*See Allman*, 813 F.3d at 1333.

Plaintiff further argues that the ALJ erred in rejecting Dr. Dawis' opinion because it was

partially based on Plaintiff's subjective reporting. While the court agrees that Plaintiff's subjective

complaints can and should be evaluated and carefully considered in cases involving psychological

conditions, the court finds adequately considered these complaints in light of the record as a whole.

For the reasons discussed above, the ALJ properly considered that Dr. Dawis's opinion was based

on subjective reporting rather than clinical observations in the record as a whole.

Plaintiff also argues that the ALJ should not have considered that Dr. Dawis used a "check-

box" form that appeared to be based on Plaintiff's self-reports (Pl. Br. at 11–13). Plaintiff again

9

points to only the March and May 2020 treatment notes in support of her argument (Pl. Br. at 11–13). It was reasonable for the ALJ to consider how Dr. Dawis's use of a check-box form that did not contain much in the way of clinical findings or objective evidence to support its conclusions reflected on the supportability of the opinion. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). Because these were all valid considerations and because the ALJ supported his conclusion regarding Dr. Dawis's opinion with substantial evidence, Plaintiff's argument fails.

Finally, Plaintiff argues that the underlying evidence could have supported a different conclusion. However, that is not a proper basis for remand on substantial evidence review. *See Lax*, 489 F.3d at 1084 (noting that the court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo'" (quoting *Zoltanksi v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004))). The court therefore declines Plaintiff's invitation to reweigh the evidence. *Hendron*, 767 F.3d at 954.

## IV.    CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED, and Plaintiff's Motion for Review of Agency Action (ECF 18) is DENIED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 6 September 2022.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah